# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| DANNY LEE DUMAS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 06-3458-CV-S-FJG |
| GLEN ADLER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court are (1) Plaintiff's Application for Leave to File Action without Payment of Fees (Doc. No. 1); and (2) Plaintiff's Application for Appointment of Counsel (Doc. No. 3). Together with plaintiff's motions is plaintiff's Affidavit of Financial Status (Doc. No. 2).

**I.    Application for Leave to File Action without Payment of Fees (Doc. No. 1)**

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that he is unable to pay the costs of the lawsuit, and the Court determines that the lawsuit is not frivolous or malicious.

The Court must exercise its discretion in determining whether an applicant is sufficiently impoverished to qualify under § 1915. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948); Local Rule 83.7(a) (1999).

Plaintiff's affidavit reveals that he is age 32 and single. Plaintiff indicates that he provides support for his 2-month-old daughter in the amount of $300 per month. Plaintiff

states in his affidavit that he is employed by Delmer Jellies, and earns approximately $800 per month. Plaintiff does not own any real property or automobiles.

Plaintiff indicates that he has $0 cash on hand, and indicates that he has a bank account at U.S. Bank. In the past twelve months, plaintiff indicates that he has received SSI benefits in the amount of $603 per month from April 1, 2006 until September 1, 2006. Plaintiff reports he has $150 in monthly rental payments, grocery expenses of $200 per month, electric bills of $60 per month, and water bills of $28 per month.

Based upon the information provided in plaintiff's affidavit, the Court believes that plaintiff is sufficiently impoverished to be permitted to proceed in forma pauperis. Additionally, the Court finds that plaintiff's complaint is not barred by 28 U.S.C. § 1915(e)(2)(B). Granting a liberal construction to plaintiff's pro se complaint, the complaint does not appear to be frivolous, nor does it appear to state a claim on which relief cannot be granted or seek monetary relief against a defendant who is immune from such relief. Therefore, plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 1) is **GRANTED.**

II.     **Motion to Appoint Counsel (Doc. No. 3)**

Plaintiff has requested appointment of counsel. Although a civil litigant does not have a constitutional or statutory right to a court-appointed attorney, the district court may make such an appointment at its discretion. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985). The appointment of counsel "'should be given serious consideration . . . if the plaintiff has not alleged a frivolous or malicious claim'" and the pleadings state a prima facie case. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986)(quoting Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984)). The Court must also consider plaintiffs' inability to obtain counsel on his own and plaintiff's need for an attorney. Id. The inquiry regarding plaintiffs' need for counsel should focus on the following, non-exclusive factors: (1) the factual and legal complexity of the case; (2) plaintiff's ability to investigate

the facts and present the claim; and (3) the existence of conflicting testimony. Id. at 1043-44.

The Court is unconvinced that plaintiff should be appointed counsel at this stage of the proceedings. First, the Court notes that plaintiff must make "a reasonably diligent effort under the circumstances to obtain counsel." Bradshaw v. Zoological Society, 662 F.2d 1301, 1319 (9th Cir. 1981). In Bradshaw, the court found that contacting ten attorneys was sufficient. Another court found that contacting only four attorneys would satisfy the requirement of diligence. See Luna v. Int'l Ass'n. of Machinists & Aerospace Workers Local. No. 36, 614 F.2d 529, 531 (5th Cir. 1980). In this case, plaintiff has indicated that he has contacted three attorneys. The Court concludes in its discretion that plaintiff has not fulfilled his obligation to diligently attempt to secure representation. Accordingly, this factor weighs against appointment of counsel.

Second, the Court notes that plaintiff has not demonstrated that he meets any of the need-based factors. Based on the information before it, the Court is unable to determine whether this case has the potential to become factually or legally complex. Nothing in the record shows that plaintiff lacks the ability to investigate the facts or otherwise present his claim. Furthermore, a determination as to the existence of conflicting testimony would be premature at this early stage in the proceedings, where defendant has not yet been served.

Therefore, because plaintiff has not yet demonstrated need or an inability to acquire counsel, plaintiff's motion for appointment of counsel (Doc. No. 3) will be **DENIED**.

### III. Conclusion

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 1) is **GRANTED**;

2. Plaintiff's Motion to Appoint Counsel (Doc. No. 3) is **DENIED**;

3. Because this case is included in the Case Management/Electronic Case Filing (CM/ECF) system, and plaintiff is proceeding pro se, the Clerk's office is responsible for

electronically filing the complaint as of the date of this order;

      4. The Clerk of Court shall forward appropriate process forms to plaintiff;

      5. Within twenty days, plaintiff shall return the completed summons and service forms to the Clerk's office showing the address(es) where defendants may be served; and

      6. The Clerk of the Court is directed to issue summons and process and deliver same to the United States Marshal for service upon the defendant. The United States Marshal may first attempt service by certified mail, return receipt requested.

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to plaintiff at the following address:

    Danny Lee Dumas
    P.O. Box 412
    Hartville, MO 65667

**IT IS SO ORDERED.**

Date: December 20, 2006                  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                    Fernando J. Gaitan, Jr.
                                                      United States District Judge